NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| CATHELENE LOUIS, on behalf of herself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> AMIT DESHMUKH d/b/a DESH LAW, LLC; and JOHN DOES 1-25, <br><br> Defendants. | Civil Action No.: 21-19902 <br><br><br> OPINION |

**CECCHI, District Judge.**

**I.     INTRODUCTION**

This matter comes before the Court by way of defendant Amit Deshmukh d/b/a Desh Law, LLC's ("Defendant" or "Desh Law") motion to dismiss (ECF No. 6 ("Mov. Br.")) plaintiff Cathelene Louis's ("Plaintiff") putative class-action complaint (ECF No. 1) pursuant to Federal Rule of Civil Procedure 12(b)(6).  In the motion to dismiss, Defendant also seeks sanctions pursuant to Federal Rule of Civil Procedure 11 and the New Jersey Frivolous Litigation Statute, New Jersey Statute Annotated 2A:15–59.1. ECF No. 6.  Plaintiff filed an opposition (ECF No. 12 ("Pl. Opp'n Br.")), and Defendant replied (ECF No. 19).  This matter is decided without oral argument pursuant to Fed. R. Civ. P. 78(b).  For the reasons set forth below, Defendant's motion to dismiss and request for sanctions are denied.

**II.    BACKGROUND**

    **a.  Factual Background[1]**

---

[1] The following facts are accepted as true for purposes of the pending motion.

1

This matter arises out of Plaintiff's debt for medical services, and subsequent debt collection efforts made by Defendant Desh Law on behalf of Jack Zuber, DDS ("Zuber"). Plaintiff asserts that Defendant violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.*, by including an allegedly unlawful collection fee in the amount it sought to recover from Plaintiff in a state court action.

Plaintiff, a New Jersey resident, alleges that sometime prior to May 22, 2021, she incurred a financial obligation to Zuber, which was referred to Desh Law for collection once it entered default. ECF No. 1 ("Compl.") ¶¶ 23, 29–31. On May 22, 2021, Desh Law, on behalf of its client, Zuber, filed a lawsuit against Plaintiff in the Superior Court of New Jersey, Law Division, Special Civil Part, under Docket No. UNN-DC-004626-21 (the "State Court Action"). *Id.* ¶ 32. Plaintiff alleges that on or about May 24, 2021, she was served with a summons and complaint in the State Court Action. ECF No. 1, Ex. A (the "State Court Summons and Complaint"[2]). The complaint in the State Court Action sought to collect the alleged outstanding balance on Plaintiff's account, demanding judgment of "$3,691.01, Plus costs." *Id.* at 19. The accompanying summons contained the following itemization in the top right corner of the document:

| | |
|---|---:|
| Demand Amount | $3691.01 |
| Filing Fee | $75.00 |
| Service Fee | $7.00 |
| Attorney's Fees | $88.88 |
| TOTAL | $3861.89 |

*Id.* at 17.

---

[2] Plaintiff attaches the State Court Summons and Complaint, as well as Plaintiff's "Account Transactions Report" and Zuber's "Office Payment Policy," to her complaint. ECF No. 1, Exs. A, B. As Plaintiff attaches these exhibits to her complaint, the Court may consider their contents at the motion to dismiss stage. *Pension Ben. Guar. Corp. v. White Consol. Indus. Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

In the instant federal action, Plaintiff claims that Desh Law improperly included a collection fee in the demand amount balance of $3,691.01.[3] Compl. ¶ 41. Plaintiff alleges the collection fee is neither authorized by Zuber's Office Payment Policy nor permitted by law, and therefore the State Court Summons and Complaint contain false, deceptive, and misleading language, violating provisions of the FDCPA, 15 U.S.C. §§ 1692e and 1692f.

### b. Procedural Background

On November 10, 2021, Plaintiff brought this putative class-action against Defendant for violations to sections 1692e(2)(A), (10), and 1692f(1) of the FDCPA. ECF No. 1. On December 23, 2021, Defendant filed the instant motion to dismiss Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6) and sought sanctions pursuant to the New Jersey Frivolous Litigation Statute, N.J.S.A. 2A:15–59.1, and Fed. R. Civ. P. 11. ECF No. 6. Plaintiff filed an opposition on January 24, 2022 (ECF No. 12), to which Defendant replied on March 21, 2022 (ECF No. 19).

## III. LEGAL STANDARD

To survive dismissal under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). A claim is facially plausible when supported by "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A complaint that contains "a formulaic recitation of the elements of a cause of action" supported by mere conclusory statements or offers "'naked assertion[s]' devoid of 'further factual enhancement'" will not suffice. *Id.* (citation omitted). In evaluating the sufficiency of a complaint, the court accepts all factual allegations as true, draws all

---

[3] In particular, Plaintiff alleges that the demand amount balance of $3,691.01 includes at least one unauthorized collection fee in the amount of $50.00. Compl. ¶¶ 52–55.

3

reasonable inferences in favor of the non-moving party, and disregards legal conclusions. *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231–34 (3d Cir. 2008).

## IV. DISCUSSION

### a. Motion to Dismiss

Plaintiff alleges that, by attempting to collect unauthorized collection fees, Defendant violated 15 U.S.C. § 1692e—specifically, § 1692e(2)(A) and e(10)—which imposes liability on debt collectors who "use any false, deceptive, or misleading representation or means in connection with the collection of any debt," and § 1692f(1) by attempting to collect "an[ ] amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

In opposition, Defendant argues that Plaintiff's claims should be dismissed for the following reasons: (1) Plaintiff's claims are barred by a mutual release that Plaintiff and Zuber executed in settlement of the State Court Action; (2) Plaintiff's claims are barred by New Jersey's entire controversy doctrine; (3) Plaintiff's claims are asserted against an improper party; (4) Plaintiff fails to sufficiently plead damages; and (5) the State Court Summons and Complaint are not communications subject to the FDCPA. Mov. Br. at 4.  The Court will consider each argument in turn.

#### i. *Mutual Release*

First, Defendant argues that Plaintiff's claims should be dismissed on the basis of a mutual release that Plaintiff and Zuber executed in settlement of the State Court Action. Mov. Br. at 8–9. Specifically, Defendant contends that the mutual release, which Defendant attaches as an exhibit to its motion to dismiss, bars Plaintiff's FDCPA claims.  Plaintiff, on the other hand, argues that

4

the mutual release is not a basis for dismissal under Fed. R. Civ. P. 12(b)(6) because Defendant's argument relies on materials outside the pleadings. Pl. Opp'n Br. at 14–15.

Generally, a district court ruling on a motion to dismiss may only consider the allegations in the complaint, attached exhibits, and matters of public record. *Borough of Moosic v. Darwin Nat. Assur. Co.*, 556 Fed. Appx. 92, 95 (3d Cir. 2014). A court may consider, however, "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Pension Ben. Guar. Corp.*, 998 F.2d at 1196. If matters outside the pleadings are presented to the court, the court has discretion to either convert the motion to dismiss into a motion for summary judgment, or ignore the matters outside the pleadings and continue to treat the filing as a motion to dismiss. *Kurdyla v. Pinkerton Sec.*, 197 F.R.D. 128, 131 (D.N.J. 2000).

Here, the mutual release need not be considered on the instant motion because Plaintiff's claims are not based on the mutual release and the complaint does not specifically reference the mutual release or any of its terms. Moreover, the Court declines to convert Defendant's motion to dismiss into a motion for summary judgment because the parties just began discovery. *See Kurdyla v. Pinkerton Sec.*, 197 F.R.D. 128, 131 (D.N.J. 2000) (inappropriate to convert motion to dismiss to motion for summary judgment where "little or no discovery has occurred"). Nonetheless, even considering the mutual release and Defendant's argument that it applies to bar Plaintiff's claims, a determination of the scope of the mutual release may benefit from further discovery. *See Est. of Torsiello ex rel. Torsiello v. McGovern Legal Servs., LLC*, No. 14-3814, 2014 WL 4758024, at *4 (D.N.J. Sept. 24, 2014). Therefore, dismissal of Plaintiff's claims on the basis of the mutual release is not warranted at this juncture.

### ii. *New Jersey's Entire Controversy Doctrine*

Second, Defendant argues that this action is barred by the entire controversy doctrine because Plaintiff's claims arise from the same operative facts as the State Court Action. Mov. Br. at 9–11. Plaintiff responds that the entire controversy doctrine does not preclude this action because Plaintiff's claims do not arise from the same transaction that gave rise to the State Court Action. Pl. Opp'n Br. at 15–16.

The entire controversy doctrine is a New Jersey-specific doctrine that bars later-filed claims which a party could have asserted in a previous case. *Bank Leumi USA v. Kloss*, 233 A.3d 536, 540–41 (N.J. 2020). New Jersey's entire controversy doctrine is "an extremely robust claim preclusion device that requires adversaries to join all possible claims stemming from an event or series of events in one suit." *Chavez v. Dole Food Co.*, 836 F.3d 205, 228 n.130 (3d Cir. 2016). The doctrine bars a subsequent claim if the claim "arise[s] from related facts or the same transaction or series of transactions" that were the subject of the previous suit. *United States ex rel. Charte v. Am. Tutor, Inc.*, 934 F.3d 346, 352 (3d Cir. 2019) (citation omitted).

Here, the entire controversy doctrine does not bar Plaintiff's FDCPA claims against Defendant because they arise from different facts than Zuber's claims against Plaintiff in the State Court Action. Specifically, Zuber's claims in the State Court Action arose from Plaintiff's alleged failure to pay for medical services rendered by Zuber. In contrast, in the present action, Plaintiff's claims arise from Defendant's alleged use of false and misleading statements in the State Court Summons and Complaint. Courts in this district faced with similar factual circumstances have declined to apply the entire controversy doctrine. *See, e.g.*, *Hochberg v. Lenox, Socey, Formidoni, Giordano, Cooley, Lang & Casey, P.C.*, No. 16-5307, 2017 WL 1102637, at *5 (D.N.J. Mar. 24, 2017); *Begum v. Harrison*, No. 20-13321, 2021 WL 1748102, at *2 (D.N.J. May 3, 2021). Thus,

because the claims in the State Court Action and the claims in the present action arose from different facts, the entire controversy doctrine does not bar Plaintiff's FDCPA claims against Defendant.

### iii. *Improper Party*

Third, Defendant argues that Plaintiff's claims should be dismissed as to Desh Law because Zuber, not Desh Law, is the appropriate defendant in this action. Mov. Br. at 11. In support of this contention, Defendant avers that Zuber imposed the collection fee whereas Desh Law is merely Zuber's "employee/director filing suits on his behalf." *Id.* Plaintiff, on the other hand, argues that Desh Law is the proper defendant in this action because Desh Law is a "debt collector" as defined by the FDCPA. Pl. Opp'n Br. at 17–18. Plaintiff further argues that Zuber cannot be a proper defendant in this action because Zuber is a creditor to which the FDCPA does not apply. *Id.*

The FDCPA generally applies only to "debt collectors," not "creditors." 15 U.S.C. § 1692a(6); *Pollice v. Nat'l Tax Funding, L.P.*, 225 F.3d 379, 403 (3d Cir. 2000); *FTC v. Check Investors, Inc.*, 502 F.2d 159, 171 (3d Cir. 2007). The FDCPA defines a debt collector as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692(a)(6). By contrast, a creditor is a person or business who "offers or extends credit creating a debt or to whom a debt is owed." 15 U.S.C. § 1692(a)(4). As noted by the Third Circuit, absent from the definition of "debt collector" is a creditor seeking to collect its own debt. *See Pollice*, 225 F.3d at 403 (citation omitted). Thus, to be subject to the FDCPA, the person or entity must be in the business of collecting debts on behalf of others; the FDCPA does not apply to a person or entity

7

collecting a debt on its own behalf.

Here, Plaintiff adequately alleges that Desh Law is a debt collector subject to the FDCPA. Specifically, Plaintiff alleges that Desh Law is a law firm regularly engaged in the collection of debts. Compl. ¶¶ 9–10 ("Defendant Desh Law is a law firm that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another. Defendant Desh Law is a 'Debt Collector' as that term is defined by 15 U.S.C. § 1962(a)(6)"). In support, Plaintiff alleges that Desh Law attempted to collect a debt Plaintiff owed to Zuber by filing the State Court Action. *Id.* ¶¶ 29–32. Plaintiff further alleges that Desh Law "sent collection letters/notices, and/or a Complaint . . . to more than 40 consumers residing within the State of New Jersey" in an attempt to collect debts owed to Zuber. *Id.* ¶ 56. These facts are sufficient to establish at the motion to dismiss stage that Desh Law is regularly engaged in the business of collecting debts owed to another. Because Plaintiff adequately alleges that Desh Law is a debt collector under the FDCPA, Desh Law is a proper defendant in this action.

Furthermore, contrary to Defendant's suggestion otherwise, Zuber would not be a proper defendant in this action because Zuber is the alleged creditor. As noted above, creditors are generally not subject to FDCPA liability. Here, the complaint makes clear that the debt at issue was owed to Zuber, and hence, Zuber is a creditor, not a debt collector. *See Pollice*, 225 F.3d at 389 (noting that the original holder of a debt is not considered a debt collector subject to the FDCPA). Thus, based on the allegations in the complaint, Desh Law, not Zuber, is the appropriate

defendant in this action.[4]

### iv. *Damages*

Fourth, Defendant argues that Plaintiff's claims should be dismissed because Plaintiff fails to plead any "ascertainable damages" resulting from the alleged debt collection activity. Mov. Br. at 12. In response, Plaintiff argues that a plaintiff need not plead "ascertainable damages" to bring a claim under the FDCPA. Pl. Opp'n Br. at 16–17.

First, to the extent Defendant argues that Plaintiff's claims should be dismissed for failure to plead any actual damages, that argument fails. To prevail on an FDCPA claim, a plaintiff must prove, among other things, that "the defendant has violated a provision of the FDCPA in attempting to collect the debt." *Moyer v. Patenaude & Felix, A.P.C.*, 991 F.3d 466, 470 (3d Cir. 2021) (citations omitted). Here, Plaintiff brings claims under § 1692e, which is violated if a debt collector uses "any false, deceptive, or misleading representation or means in connection with the collection of any debt," and § 1962f, which is violated if a debt collector uses "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. §§ 1692e, 1692f. A showing of damages is not required under these sections. Thus, Plaintiff may bring a cognizable claim under §§ 1692e and 1962f without pleading actual damages. *See Salvati v. Deutsche Bank Nat. Trust Co.*, 575 Fed. Appx. 49, 56 (3d Cir. 2014) (finding district court erred by dismissing

---

[4] Defendant further argues that dismissal is required because Plaintiff misidentified Desh Law in the complaint as "Amit Deshmukh, Esq. d/b/a Desh Law, LLC" instead of "Amit Deshmukh, Esq. Desh Law, LLC d/b/a Desh Law, LLC." Mov. Br. at 12. The Court declines to dismiss on this basis. Here, Defendant received actual, timely notice of the suit (ECF No. 4), and there is no indication that Defendant has been prejudiced by any potential misnomer. *See Arunachalam v. Pazuniak*, No. 15-259, 2016 WL 748005, at *4 (D. Del. Feb. 24, 2016); *Donaie v. Holy Cross Catholic Congregation, Inc.*, No. 14-16, 2016 WL 270860, at *3 (D.V.I. Jan. 21, 2016).

9

plaintiff's §§ 1692e and 1692f claims on the ground that plaintiff had not pleaded actual damages).

Second, to the extent Defendant argues that informational injury and risk of economic injury are not cognizable harms under the FDCPA, that argument is also unavailing. Courts have recognized that informational injury and risk of economic injury can form the basis for a FDCPA claim. *See Carney v. Goldman*, No. 15-260, 2016 WL 7408849, at *4–5 (D.N.J. Dec. 22, 2016). Thus, Plaintiff's allegations that she "suffered an informational injury" and "a risk of economic injury" due to Defendant's actions are sufficient to sustain her FDCPA claims.

### v. *Communication*

Finally, Defendant argues that Plaintiff's claims should be dismissed because the State Court Summons and Complaint are formal pleadings and as such are exempt from the FDCPA. Mov. Br. at 13. In response, Plaintiff argues that Defendant's contention is misplaced because although §§ 1692e(11) and 1692g(d) of the FDCPA contain exemptions for formal pleadings, Plaintiff's claims arise under §§ 1692e(2)(A), e(10), and 1692f(1). Thus, Plaintiff asserts that the exemptions upon which Defendant appears to rely are inapplicable. Pl. Opp'n Br. at 18.

The FDCPA applies to "communication[s]" defined as "the conveying of information regarding a debt directly or indirectly to any person through any medium." 15 U.S.C. § 1692a(2). As the Third Circuit has recognized, formal pleadings are communications governed by the FDCPA, except to the limited extent that Congress exempted formal pleadings from the particular requirements of §§ 1692e(11) and 1692g(d).[5] *See Kaymark v. Bank of Am., N.A.*, 783 F.3d 168,

---

[5] 15 U.S.C. § 1692e(11) requires debt collectors to disclose certain information in an initial written communication, but expressly provides that this requirement "shall not apply to a formal pleading made in connection with a legal action." Likewise, a 2006 amendment to the FDCPA applicable to § 1692g(a) provides that "[a] communication in the form of a formal pleading in a civil action shall not be treated as an initial communication." 15 U.S.C. § 1692g(d). As explained herein, those sections are not in issue here.

10

177 (3d Cir. 2015) (abrogated on other grounds) (concluding that, aside from the provisions in §§ 1692e(11) and 1692g(d), the FDCPA applies to "*all* litigation activities, *including* formal pleadings." (quoting *Sayyed v. Wolpoff & Abramson*, 485 F.3d 226, 231 (4th Cir. 2007)).

Here, Defendant does not dispute that the State Court Summons and Complaint meet the definition of a "communication" under the FDCPA.  Rather, Defendant appears to argue that the State Court Summons and Complaint fall under the exemptions for formal pleadings set forth in §§ 1692e(11) and/or 1692g(d).  However, Plaintiff has not asserted violations of either §§ 1692e(11) or 1692g(a).  Therefore, the exemptions for formal pleadings are not implicated here. *See, e.g.*, *Chulsky v. Hudson L. Offs., P.C.*, 777 F. Supp. 2d 823, 831 (D.N.J. 2011) (rejecting defendants' argument that the § 1692e(11) exemption for formal pleadings barred the plaintiff's FDCPA claims where the plaintiff did not assert a violation of the § 1692e(11) disclosure requirement).  Accordingly, the State Court Summons and Complaint constitute communications subject to the FDCPA.

### b. Motion for Sanctions

Defendant additionally seeks attorneys' fees and costs from Plaintiff and her attorney pursuant to the New Jersey Frivolous Litigation Statute, N.J.S.A. 2A:15–59.1, and Rule 11 of the Federal Rules of Civil Procedure. ECF No. 6.  Under N.J.S.A. 2A:15–59.1 and Rule 11, "the party seeking sanctions must file an independent motion or application, separate from any substantive motion that party files." *See Marenbach v. City of Margate*, 942 F. Supp. 2d 488, 496 (D.N.J. 2013); N.J.S.A 2A:15–59.1 ("A party . . . seeking an award under this section shall make application to the court which heard the matter. The application shall be supported by an affidavit."); Fed. R. Civ. P. 11 ("A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)."). Here,

11

Defendant makes its request for attorneys' fees and costs as part of its motion to dismiss. ECF No. 6. This is procedurally improper. Therefore, Defendant's application for sanctions is denied.

## V.     CONCLUSION

For the reasons set forth above, Defendant's motion to dismiss and request for sanctions (ECF No. 6) are denied. An appropriate Order accompanies this Opinion.

**DATE:** July 27, 2022

*s/ Claire C. Cecchi*
**CLAIRE C. CECCHI, U.S.D.J.**
